UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL S. CRAIG, *et al.*, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 06-1981 (JAP) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DAVID T. NORTON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

     Presently before the Court are motions for summary judgment by (1) Defendants Lehigh

Valley Fleet Maintenance Ltd. and David DePue (together, "Lehigh Valley"); and (2) Defendant

Austin Fleet Maintenance, Inc. ("Austin").  Defendants David T. Norton, J. Ross, and J.B. Hunt

Transport, Inc. (collectively, "J.B. Hunt") and Plaintiffs Michael and Billie Craig have filed

opposition.  The Court heard oral argument on July 28, 2008.  For the reasons set forth below,

Defendants' motions are granted.

## I.  BACKGROUND

     This action arises out of a motor vehicle accident that occurred on September 16, 2005,

on Interstate 78 in Hunterdon County, New Jersey.  Defendant David Norton was operating a

tractor trailer owned by defendant J.B. Hunt on westbound Interstate 78 when the left rear

tandem wheels separated from the fifth axle of the trailer.  These wheels traveled into the center

median and struck the vehicle of Plaintiff Michael Craig, a New Jersey state trooper at the time.

Craig was parked in the center median seated in the drivers side of his state police cruiser

monitoring traffic.  Craig allegedly suffered injuries as a result of the accident.

A subsequent state police investigation of the left rear tandem wheels that had separated concluded that the inner wheel assembly had "blown out."  Lehigh Valley's Certification of Exhibits, Ex E. (Deposition Transcript of John Knerr) at 54.  The left rear trailer tire wheels had completely separated from the fifth axle of the vehicle.  However, the nuts, screwsets, lock washers and bearings that would have been attached to the inner wheel assembly of the left side wheel were never recovered.

An examination by the state police of the right rear tandem wheels was performed.  These had not separated and were still attached to the fifth axle.  The investigation also revealed tool markings on the jam nut of the wheel assembly on the fifth right rear axle, indicating the likelihood that improper tools were used on that side.  *Id.* at 47.  Further, the "fourth right rear U bolt" was loose and the and the setscrew was missing.  *Id.* at 50, 52.  The "left fifth axle brake pads and the right fifth axle brake drums" were permeated with grease.  *Id.* at 54.

Repairs Performed by Defendant Lehigh Valley

On July 12, 2005, Defendant David DePue, a mechanic and president of Lehigh Valley, performed work on the trailer involved in the accident in this case.  DePue fixed a broken airline spring, replaced the marker lights, and replaced the plastic hubcaps on the trailer with aluminum ones.  According to DePue, he did not perform an inspection to determine if there was a wheel leak seal because he was not asked to do so by J.B. Hunt.  Ex. F (Deposition of David DePue) at 46.  He also did not check the bearing end play or nut torque of the wheel assembly for the same reason.  *Id.* at 47.  DePue testified that it was not the policy of J.B. Hunt vendors to do such inspections every time a hubcap is replaced.  *Id.* at 52.

Repairs Performed by Defendant Austin

On March 11, 2003, two and one-half years prior to the accident, Austin replaced the left

real hub assembly of the trailer and repacked the remaining three wheel bearings with grease.

Austin's Statement of Undisputed Facts ("AUF") ¶ 14.  In the two and one half years from the

date of this repair until September 16, 2005, the date of the accident, records show that the trailer

logged over 110,000 miles.  *Id.* at ¶ 15.

Other Maintenance and Repairs on the Trailer

Between March 12, 2003 and early 2005, it appears that no maintenance was done on the

trailer.  *Id.* at 16.  On January 5, 2005, Lehigh Valley completed a mandatory bi-annual

inspection of the trailer.  *Id.* at 18.  A second inspection was conducted by J.B. Hunt on July 2,

2005.  *Id.* at 19.  These inspections apparently included inspection of the trailer's wheel

assemblies, and no problems with the wheel bearings or suspension hardware were noted.  *Id.* at

21-22.

Between June 23, 2005 and July 4, 2005, J.B. Hunt performed maintenance on the trailer

that included, among other things, replacement of the left rear wheel drum and brake shoes on

July 2, 2005.  *Id.* at 23-26.

## II.  DISCUSSION

Summary Judgment Standard

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil

Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The substantive law identifies which facts

3

are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material

fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict"

for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue

of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party

makes this showing, the burden shifts to the non-moving party to present evidence that a genuine

fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party may not simply rest

on its pleadings, but must offer admissible evidence that establishes a genuine issue of material

fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable

to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir.

1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need

determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the

non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine

issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v.*

*BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

Elements of Negligence

To prove a negligence claim, a plaintiff must show: (1) a duty of care owed by the

defendant to plaintiff; (2) a breach of that duty; and (3) harm proximately caused by the breach.

*Olivio v. Exxon Mobil Corp.*, 377 N.J. Super. 286, 292 (App. Div. 2005)

4

<u>Lehigh Valley's Motion for Summary Judgment</u>

On October 23, 2007, Lehigh Valley initially moved for summary judgment in this matter.  The Court denied the motion without prejudice, stating that Lehigh Valley could renew its motion for summary judgment after the close of expert discovery.  Since that time, the parties have produced reports from the following experts: R. Scott King (on behalf of Plaintiffs); Robert Crandall (on behalf of Lehigh Valley); Bruce E. Ketcham (on behalf of J.B. Hunt); William J. Meyer (on behalf of Austin).  This motion followed.

After reviewing all of the evidence including the expert reports in the light most favorable to the non-movants, the Court finds that there are no genuine issues of material fact precluding summary judgment in favor of Lehigh Valley.  As an initial matter, there is no evidence that Lehigh Valley breached a duty of care.  "[T]he scope of the duty owed by the defendant [is] a legal question for the court to decide, based on the totality of the circumstances." *Olivio v. Exxon Mobil Corp.*, 377 N.J. Super. 286, 292 (App. Div. 2005) (*quoting Zepf v. Hilton Hotel & Casino*, 346 N.J. Super. 6, 18, 786 A.2d 154, 161 (App. Div.2001)).  The undisputed facts establish that Lehigh Valley performed a minor field repair of the trailer, namely, the repair of a broken airline spring and marker lights, as well as the replacement of plastic hubcaps with metal hubcaps. There is no allegation that these repairs were performed negligently, and there is no evidence that Lehigh Valley had any duty to Plaintiffs or J.B. Hunt at the time these repairs were made to perform any inspection that was not requested by J.B. Hunt.  Specifically, Plaintiffs and J.B. Hunt have failed to establish that Lehigh Valley had a duty to examine the wheel end to determine its condition when Lehigh Valley replaced the hubcaps and performed the other minor repairs.  Consequently, summary judgment is granted in favor of Lehigh Valley.

Austin's Motion for Summary Judgment

Austin has moved for summary judgment arguing that there is no evidence that Austin breached its duty of care when it replaced the wheel bearing in March 2003 and, further, that there is no evidence from which a causal connection can be drawn between any alleged negligence on the part of Austin and the wheel separation that occurred two and a half years and over 110,000 miles later.  The Court has reviewed the evidence submitted by the parties on the issue, and, viewing such evidence in the light most favorable to the non-movants, the Court finds that Austin is entitled to summary judgment as a matter of law.

The exact cause of the wheel separation that occurred on September 16, 2005 is not clear and various theories have been advanced.  However, there is no evidence presented that supports the claim that Austin was negligent when it performed the service on the trailer in 2003. Moreover, Plaintiffs reliance on the doctrine of *res ipsa loquitur* as to Austin is misplaced. Under this doctrine, an "inference of the defendant's want of due care" is permitted when the following conditions have been shown: "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality [causing the injury] was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." *Bornstein v. Metropolitan Bottling Co.*, 26 N.J. 263, 269 (1958).  In this case, J.B. Hunt was in exclusive control of the trailer at all relevant times, and there is no dispute that J.B. Hunt was responsible for maintaining and inspecting the trailer during the two and a half year interval between Austin's work on the trailer and the accident.  Indeed, further inspection and repair work was done on the trailer in 2005 by J.B. Hunt itself.  Consequently, the Court shall grant Austin's motion for summary judgment.

6

**III.  CONCLUSION**

      For the reasons above, the motions by Lehigh Valley and Austin for summary judgment are granted.  An appropriate Order accompanies this Opinion.


                                /s/ JOEL A. PISANO
                                United States District Judge

Dated: August 4, 2008